**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN CHEMISTRY COUNCIL<br>700 2nd Street, NE<br>Washington, DC 20002,<br><br>            *Plaintiff*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460; and<br><br>MICHAEL REGAN, in his official<br>capacity as Administrator of the United<br>States Environmental Protection Agency,<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460,<br><br>            *Defendants*. | Civil Action No. 23-3726 |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1.      Plaintiff American Chemistry Council ("ACC") brings this civil action against Defendants U.S. Environmental Protection Agency and Michael S. Regan, Administrator of the U.S. Environmental Protection Agency (collectively, "Defendants" or "EPA") for failure to complete two manufacturer-requested risk evaluations ("MRREs") by the applicable statutory deadline as required by the Toxic Substances Control Act ("TSCA") § 6(b)(4)(G), 15 U.S.C. § 2605(b)(4)(G).

2.      EPA has failed to complete MRREs for di-isononyl phthalate ("DINP") and di-isodecyl phthalate ("DIDP") by TSCA's mandatory deadline of three years and six months from the date the agency initiated these risk evaluations.  15 U.S.C. § 2605(b)(4)(G).

3.      ACC seeks to compel EPA to perform its nondiscretionary duty to complete these two MRREs pursuant to TSCA § 20(a)(2),15 U.S.C. § 2619(a)(2), and in accordance with the procedures set forth in 40 C.F.R. Part 702, Subpart C.

## JURISDICTION AND VENUE

4.      This action arises under TSCA, 15 U.S.C. § 2605(b)(4)(G).  This Court has jurisdiction over this action pursuant to 15 U.S.C. § 2619(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1361.

5.      This Court may order EPA to perform the requisite acts and duties, may issue a declaratory judgment, and may grant further relief pursuant to 15 U.S.C. § 2619(a); the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202; and 28 U.S.C. § 1361.

6.      Plaintiff has a right to bring this action pursuant to TSCA, 15 U.S.C. § 2619(a)(2); 28 U.S.C. § 1361.

7.      By certified letter to Administrator Regan dated September 19, 2023,

Plaintiff gave notice of this action as required by 15 U.S.C. § 2619(b)(2) and 40 C.F.R. §

702.61.  *See* Exhibit A, Letter from R. Carra to M. Regan Re Notice of Intent to File Suit,

Sept. 19, 2023.  The date of return receipt was October 6, 2023.  *See* Exhibit B, Email from

USPS to L. Milano Re Confirmation of Service – with Return Receipt, Oct. 15, 2023.

More than 60 days have passed since the date of return receipt, so this action is in accord

with 15 U.S.C. § 2619(b)(2) and 40 C.F.R. § 702.61.

8.      Venue is vested in this Court under 28 U.S.C. § 1391(e) because Defendants

reside in this District.  28 U.S.C. § 1391(e)(1); TSCA § 20(a), 15 U.S.C. § 2619(a).

## PARTIES

9.      Plaintiff **American Chemistry Council** is a national trade association

representing leading companies engaged in the multibillion-dollar business of chemistry.  ACC

members apply the science of chemistry to make innovative products and services that make

people's lives better, healthier, and safer.

10.      ACC members manufacture (including import) and process several of the high-

priority substances that EPA has identified for risk evaluation under TSCA.

11.      ACC's High Phthalates Panel submitted, on behalf of members, the requests for

the two MRREs that are the subject of this lawsuit pursuant to TSCA § 6(b)(4)(C)(ii), 15 U.S.C.

§ 2605(b)(4)(C)(ii), and in accordance with the procedures set forth in 40 C.F.R. § 702.37.

12.      ACC members are directly affected by EPA's failure to timely complete the

overdue MRREs and will be further directly affected by whatever decisions EPA makes in the

risk evaluations that are the subject of this lawsuit.

13.     Both ACC and one or more of its manufacturer members have standing to bring this lawsuit to require EPA to complete its non-discretionary duty to perform the overdue MRREs.  DINP and DIDP are manufactured by one or more of ACC's members and are used in a wide array of commercial and consumer products.  EPA's risk evaluations will determine whether the chemicals present an "unreasonable risk of injury to health or the environment under any of the conditions of use covered in the risk evaluation."[1]  EPA's failure to timely complete the MRREs for DINP and DIDP detrimentally affects manufacturer reliance and consumer confidence on the use of these substances, and force ACC to divert its time and resources to compel EPA to comply with its statutory obligations.

14.     An order mandating that EPA perform the required MRREs on the timeline set forth in this Complaint would redress Plaintiff's injuries.

15.     Defendant **United States Environmental Protection Agency** is a federal agency charged with protecting public and environmental health, including through promulgation of regulations to implement TSCA.

16.     Defendant **Michael S. Regan** is the Administrator of the EPA.  In that role, he is charged with the duty to uphold TSCA and to take the required regulatory actions established therein.

## BACKGROUND

17.     TSCA is the chemicals management law under which EPA regulates chemicals in commerce.

---

[1] *Overview of Manufacturer –Requested Risk Evaluations*, U.S. Environmental Protection Agency, https://www.epa.gov/assessing-and-managing-chemicals-under-tsca/overview-manufacturer-requested-risk-evaluations (last updated May 17, 2023).

18.     TSCA requires EPA to conduct risk evaluations to determine whether a chemical substance presents an unreasonable risk of injury to human health or the environment.  15 U.S.C. § 2605(b)(4)(A).

19.     Under TSCA § 6(b)(4)(C)(ii), 15 U.S.C. § 2605(b)(4)(C)(ii), manufacturers of a chemical substance may request that EPA conduct a risk evaluation for that substance.  The procedures for making such a request are set forth in 40 C.F.R. § 702.37.  The right of manufacturers to request risk evaluations for substances they manufacture was fundamental to the bipartisan effort to amend TSCA through the Frank R. Lautenberg Chemical Safety for the 21st Century Act ("Lautenberg Act"), Pub. L. No. 114-182, 130 Stat. 448 (2016).

20.     The criteria for EPA to grant a request for an MRRE are listed at 40 C.F.R. § 702.37(e).  If the request meets all criteria, EPA must grant the MRRE request unless it has already exceeded a certain percentage of requests.  *See* 40 C.F.R. § 702.37(e)(6).  In order for EPA to grant a request for an MRRE, it must have determined it has all of the information needed to conduct the evaluation, the conditions of use warrant inclusion for the chemical, and all other criteria have been met.  *Id.*

21.     EPA acknowledged that on May 24, 2019, that it received requests to conduct risk evaluations for DINP and DIDP from ACC's High Phthalates Panel. 84 Fed. Reg. 42912 (Aug. 19, 2019); 84 Fed. Reg.42914 (Aug. 19, 2019).  EPA determined that the MRRE requests for DINP and DIDP met the relevant criteria and, as required, granted ACC's request for MRREs for DINP and DIDP.  86 Fed. Reg. 48693, 48694 (Aug. 31, 2021); 86 Fed. Reg. 48695 (Aug. 31, 2021).

22.     If EPA grants a manufacturer's request to conduct a risk evaluation for a chemical substance, the timing for that risk evaluation is governed by statute.  15 U.S.C. §

2605(b)(4)(G).  Regardless of whether a risk evaluation is originated by EPA or requested by a manufacturer, TSCA requires EPA to complete a risk evaluation no later than "3 years after the date on which the Administrator initiates the risk evaluation," subject only to a one-time extension "for not more than 6 months."  *Id.* at (i).

23.     Nonprofit Organizations[2] sued EPA under TSCA, 15 U.S.C. § 2605(b)(4)(G), for failure to complete risk evaluations for twenty-two chemicals, including DINP and DIDP. *Cmty. In-Power and Dev. Ass'n. v. EPA*, No. 23-2715 (D.D.C. Sept. 18, 2023).

24.     By certified letter, ACC sent a notice of intent to sue to EPA on September 19, 2023 regarding the same failure as to two of the chemicals the Nonprofit Organizations included in their Complaint, DINP and DIDP.  *See* Exhibit A.  The date of return receipt of that letter was October 6, 2023.  *See* Exhibit B.

**EPA'S FAILURE TO COMPLETE RISK EVALUATIONS REQUIRED BY TSCA**

25.     On May 24, 2019, ACC's High Phthalates Panel requested, on behalf of members, that EPA conduct MRREs for DINP and DIDP pursuant to TSCA § 6(b)(4)(C)(ii), 15 U.S.C. § 2605(b)(4)(C)(ii), and in accordance with the procedures set forth in 40 C.F.R. § 702.37.  84 Fed. Reg. 42912 (Aug. 19, 2019); 84 Fed. Reg. 42914 (Aug. 19, 2019).

26.     On December 2, 2019, EPA granted both of ACC's requests and initiated the risk evaluation processes for DINP and DIDP on January 2, 2020.  86 Fed. Reg. at 48694; 86 Fed. Reg. at 48695.

---

[2] Plaintiffs in that action are Community In-Power and Development Association Inc., Learning Disabilities Association of America, Louisiana Environmental Action Network, Sierra Club, and Texas Environmental Justice Advocacy Services.

27.     By granting the MRRE requests for DINP and DIDP, EPA determined that it had "all of the information needed to conduct such risk evaluation[s] on the conditions of use that were the subject of the request[s]."  40 C.F.R. § 702.37(e)(6)(ii)(B).

28.     EPA was required to complete MRREs for DINP and DIDP by TSCA's mandatory deadline of three years and six months from January 2, 2020, the date it initiated the risk evaluations, i.e., by July 2, 2023.  15 U.S.C. § 2605(b)(4)(G).

29.     EPA failed to complete the MRREs for DINP and DIDP by July 2, 2023 as required by statute.  Not only has EPA failed to meet the statutory deadline for completing the final MRREs, it has yet to even release draft risk evaluations for these substances, which are required to undergo a 60-day public comment period.  40 C.F.R. § 702.49.  These failures by EPA contravene the agency's nondiscretionary duty to complete the MRREs by the statutory deadline.

30.     These MRREs are crucial because they will expedite transparent, fair, and evidence-based risk evaluations of DINP and DIDP, which are used in a wide array of commercial and consumer products.  As such, the risk evaluations for DINP and DIDP are critical for informing manufacturer reliance and consumer confidence on the use of these substances.  By unlawfully delaying completion of these two MRREs, EPA is leaving manufacturers in an unacceptable state of uncertainty.

## FIRST CLAIM FOR RELIEF

### Violation of Section 6(b)(4)(G) of TSCA by Failing to Complete the MRRE for DINP

31.     Plaintiff incorporates paragraphs 1-30.

32.     Defendants initiated the risk evaluation process for DINP on January 2, 2020.  86 Fed. Reg. at 48694.

33.     Defendants were required to complete the MRRE for DINP no later than three years and six months after its initiation, i.e., by July 2, 2023.  15 U.S.C. § 2605(b)(4)(G).

34.     As of the date of this filing, Defendants have not completed the MRRE for DINP.

35.     Defendants' failure to complete the MRRE for DINP by the statutory deadline constitutes a failure of "the Administrator to perform any act or duty under [TSCA] which is not discretionary," within the meaning of TSCA § 20(a)(2), 15 U.S.C. § 2619(a)(2).

## SECOND CLAIM FOR RELIEF

**Violation of Section 6(b)(4)(G) of TSCA by Failing to Complete the MRRE for DIDP**

36.     Plaintiff incorporates paragraphs 1-35.

37.     Defendants initiated the risk evaluation process for DIDP on January 2, 2020.  86 Fed. Reg. at 48695.

38.     Defendants were required to complete the MRRE for DIDP no later than three years and six months after its initiation, i.e., by July 2, 2023.  15 U.S.C. § 2605(b)(4)(G).

39.     As of the date of this filing, Defendants have not completed the MRRE for DIDP.

40.     Defendants' failure to complete the MRRE for DIDP by the statutory deadline constitutes a failure of "the Administrator to perform any act or duty under [TSCA] which is not discretionary," within the meaning of TSCA § 20(a)(2), § 15 U.S.C. § 2619(a)(2).

## PRAYER FOR RELIEF

41.     WHEREFORE, Plaintiff respectfully requests that the Court pursuant to 15 U.S.C. § 2619(a); the Declaratory Judgment Act, 28 U.S.C. §§2201-2202; and 28 U.S.C. § 1361:

(a)     Declare that EPA's failure to complete MRREs for DINP and DIDP constitutes a failure of "the Administrator to perform any act or duty under

[TSCA] which is not discretionary" within the meaning of TSCA §
20(a)(2), 15 U.S.C. § 2619(a)(2);

(b)    Order EPA to complete MRREs for DINP and DIDP by the earliest
practicable date, pursuant to TSCA § 20(a)(2), 15 U.S.C. § 2619(a)(2),
and in accordance with the procedures set forth in 40 C.F.R. Part 702,
Subpart C;

(c)    Retain jurisdiction over this matter until Defendants have fulfilled their
statutory and Court-ordered obligations;

(d)    Award Plaintiff the costs of this action, including attorneys' fees pursuant
to TSCA § 20(c)(2), 15 U.S.C. § 2619(c)(2); and

(e)    Grant such other relief as the Court deems just and proper.

DATED: December 13, 2023                 Respectfully submitted,

/s/ *Nessa Horewitch Coppinger*

Nessa Horewitch Coppinger (D.C. Bar #477467)
Ryan J. Carra (D.C. Bar #1006360)
Beveridge & Diamond
1900 N Street NW, Suite 100
Washington, DC 20036
202-789-6000
Email: ncoppinger@bdlaw.com
Email: rcarra@bdlaw.com

*Counsel for American Chemistry Council*